**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 03 2006

JAMES W. McCORMACK, CLERK
By: _____
              DEP CLERK

IN THE UNITED STATES DISTRICT COURT
Eastern District of Arkansas
Little Rock Division

| | |
|---|---|
| BEVERLY BURNS, individually and o/b/o a class of similarly situated persons ) ) ) | PLAINTIFFS |
| VS. ) ) | CASE NO: 4-06 CV00000187 JLH |
| JEFFERSON CAPITAL SYSTEMS, LLC ) and COMPUCREDIT CORPORATION ) | DEFENDANTS |

COMPLAINT
Class Action

This case assigned to District Judge Holmes
and to Magistrate Judge Cavaneau

Comes now, the Plaintiff, Beverly Burns, individually and on behalf of a class of similarly situated persons, and for her Class-Action Complaint hereby state as follows:

I. JURISDICTION AND VENUE.

1. The Plaintiff and her class are Arkansas residents. This case involves claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* and Arkansas statutory claims. This Court has proper jurisdiction of the parties and subject matter of this dispute pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337. Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b). Supplemental jurisdiction exists for the state law claims set forth herein pursuant to 28 U.S.C. § 1367.

II. PARTIES.

2. Beverly Burns is an Arkansas resident who resides in Sherwood, Pulaski County, Arkansas, and has at all times relevant hereto. Burns brings this action individually, and on behalf of a class of similarly situated persons as more particularly described herein.

3. Defendant Jefferson Capital Systems, LLC ("Jefferson"), is a foreign corporation with a principle place of business at 16 McLeland Drive, Saint Cloud, Minnesota, 56303.

1

Jefferson's registered agent for service of process in Arkansas is Lexix Nexis Document Solutions, Inc., 101 South Spring Street, Suite 220, Little Rock, Arkansas 72201. CompuCredit Corporation is a foreign corporation which is not registered to do business in Arkansas and which has no registered agent for service of process in Arkansas, therefore, service shall be perfected through the Arkansas Secretary of State pursuant to A.C.A. § 16-58-120. CompuCredit maintains an office at 245 Perimeter Center Parkway, Suite 600, Atlanta, Georgia, 30346. Jefferson is a wholly-owned subsidiary of CompuCredit. Jefferson is a debt collector which, *inter alia*, attempts to collect debts from consumers.

### III. FACTUAL ALLEGATIONS.

4.      Beverly Burns entered into a check-cashing or payday loan transaction with First American Cash Advance on or around 2000. The transaction occurred at First American Cash Advance's branch office in Little Rock, Pulaski County, Arkansas.

5.      The payday loan transaction between Burns and First American Cash Advance was a usurious loan and involved interest rates well in excess of the legal limit allowed by the Arkansas Constitution. Burns subsequently became a class member in a lawsuit filed against First American Cash Advance in the Circuit Court of Garland County, Arkansas in a case styled Betty Dickerson v. First American Cash Advance, Garland County Circuit Case No. CIV 2000-318-I. The Dickerson case was ultimately resolved in favor of the class of consumers. As part of the resolution of the Dickerson lawsuit, First American Cash Advance agreed, *inter alia*, to write-off and forgive debts of any class members relating to check-cashing transactions or payday loans within the class period.

6.      Based on good faith knowledge and belief, the Plaintiff's debt in this case resulted from transactions which were resolved through the settlement of the Dickerson case.

7.     Meanwhile, scores of other similar claims were resolved in favor of Arkansas consumers. The Arkansas Supreme Court issued a series of rulings which struck down arbitration clauses in payday loan transactions. The Arkansas Supreme Court also rendered a series of decisions affirming class certification orders in cases involving consumers who had been assessed usurious interest through payday loan transactions.

8.     Even if the transaction between First American Cash Advance and Burns was not one of the debts which was settled and released in the Dickerson case, the transaction giving rise to the debt was usurious and therefore void *ab initio* pursuant to Article 19, § 13 of the Arkansas Constitution.

9.     Based on good faith knowledge and belief, CompuCredit purchased First American Cash Advance's Arkansas operations in 2004.

10.    On or around June 6, 2005, Beverly Burns received a letter from Jefferson Capital. The letter advised her that Jefferson was attempting to collect a debt on behalf of First American Cash Advance. See **Exhibit A**.

11.    Burns, through her counsel, sent a letter to Jefferson requesting that Jefferson provide verification of the alleged debt and also advising Jefferson to refrain from engaging in any further communications or contacts with Burns. See **Exhibit B**. This letter was sent within 30 days of the date when the Plaintiff received Jefferson's dunning letter.

12.    Burns, through counsel, sent a subsequent letter to Jefferson seeking verification of the alleged debt.

13.    Despite Plaintiff's requests, Jefferson did not verify the alleged debt.

14.    On or around July 20, 2005, Burns received a credit card solicitation from Jefferson. A copy of the documents related to this solicitation are attached hereto as **Exhibit C**.

3

15. The credit card solicitation reflected that Burns could receive a credit card as long as she agreed to allow the balance of the debt which was allegedly owed to First American Cash Advance (which Jefferson was attempting to collect) to be transferred to the proposed credit card account. See **Exhibit C**.

16. Based on good faith knowledge and belief, the original debt referenced in Jefferson's dun letter to the Plaintiff **(Exhibit A)** and the credit card solicitation **(Exhibit C)** was a debt that was either settled and released through the Dickerson class action case and/or was a debt based on an unlawful, usurious, unconstitutional and unconscionable payday loan transaction. Under either or both instances, the debt was invalid and unenforceable.

17. There are other persons, similarly situated to Burns, who have received dunning letters related to usurious payday loan debts and/or credit card solicitations from the Defendants.

## IV. LEGAL CLAIMS

### Count I – Violations of the Fair Debt Collection Practices Act

18. The Plaintiff re-alleges the foregoing paragraphs as if set forth herein, word for word.

19. This count is a claim for damages for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices.

20. Based upon good faith, knowledge and belief, the Defendants do not have a basis to collect any alleged debts from Burns or any former customer of First American Cash Advance.

21. Despite the Plaintiff's requests, the Defendants have failed to verify the alleged debts which were the subject of its dun letter and other communications with the Plaintiff.

22. Pursuant to §§ 1692e and 1692f of the FDCPA, a debt collector may not use false, deceptive or misleading, unfair or unconscionable means to collect or attempt to collect any debt, and may not collect or attempt to collect any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692e, 1692f(1).

23. Under the FDCPA, the debt collector must verify a debt when requested by a consumer.

24. The Defendants have acted in a false, deceptive, misleading and unfair manner by collecting and attempting to collect debts from the Plaintiff as set forth herein.

25. The Defendants have failed to comply with the FDCPA by failing to properly verify the alleged debts which were the subject of their communications with the Plaintiff.

26. The Defendants knew or should have known that their actions violated the FDCPA. Additionally, the Defendants could have taken steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review their actions to insure compliance with the law.

27. As a result of the Defendants' conduct, the Plaintiff has sustained damages.

28. Jefferson is a "debt collector" as defined by § 1692a(6) of the FDCPA.

29. Plaintiff and her class are consumers as defined by § 1692a(3) of the FDCPA.

30. The letters attached hereto are "communications" relating to a "debt" as defined by § 1692a(2) and 1692a(5) of the FDCPA.

31. The Defendants violated numerous provisions of the FDCPA. The Defendants' violations include, but are not limited to the following:

    (a) falsely representing the amount, character and legal status of an alleged debt;

(b) threatening to take actions that could not legally be taken;

(c) using unfair and unconscionable means to attempt to collect a debt;

(d) attempting to collect debts which were based upon void and illegal transactions;

(e) attempting to collect debts which were resolved through prior litigation;

(f) attempting to collect debts which had been settled through an action between the Plaintiff and the original creditor;

(g) failing to properly verify debts before beginning collection efforts;

(h) failing to properly investigate alleged debts;

(i) failing to provide verification of alleged debts;

(j) communicating with persons who are represented by counsel; or

(k) otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect alleged debts from the Plaintiff and her class.

32. As a result of the above violations of the FDCPA, the Defendant is liable for actual damages, statutory damages, and attorneys fees and costs.

### Count II – Violations of Advance Fee Loan Act and the Arkansas Deceptive Trade Practices Act
*Arkansas Code Annotated §§ 23-39-401, et seq. and 4-88-101, et seq.*

33. The Plaintiff re-alleges the foregoing paragraphs as if set forth herein, word for word.

34. Jefferson's credit card solicitation to Burns purported to extend credit to Burns in exchange for her promise to transfer a balance allegedly equal to the amount of her disputed debt to First American Cash Advance (which Jefferson was attempting to collect).

6

35. The transfer of the debt would have transformed the debt into a new financial obligation or debt imposed upon Burns.

36. The transfer of the disputed debt to the credit card account proposed by Jefferson would have injured Burns in one or more of the following ways:

    (a) causing the debt to be subject to new fees and interest not present under the original (alleged) obligation;

    (b) extending the applicable statute of limitations for the collection of the original debt;

    (c) preventing Burns from raising her defenses to the original debt such as usury, accord and satisfaction, and other applicable defenses;

    (d) causing Burns to waive her right to a jury trial by imposing a one-sided arbitration clause as a term of the "credit card;"

    (e) subjecting her to additional fees for late fees, overlimit fees, and other fees; and

    (f) causing her to give up other legal rights, such as her express rights under the FDCPA.

37. The credit card solicitation from Jefferson constituted an advance fee loan scheme prohibited by Arkansas Code Annotated § 23-39-401, *et seq.*

38. Violations of Arkansas Code Annotated § 23-39-401, *et seq.* are *per se* violations of the Arkansas Deceptive Trade Practices Act (DTPA).

39. Pursuant to Arkansas Code Annotated §§ 23-39-403, and 4-88-101, *et seq.*

CompuCredit is liable for the acts of Jefferson. CompuCredit controls or supervises Jefferson and derives a financial gain from Jefferson's actions.

40.  Jefferson's conduct as described herein violates one or more provisions of the Advance Fee Loan Act and the DTPA. Jefferson's actions, including but not limited to the following, are unlawful:

(a) engaging in deceptive, false, misleading or unfair representations in connection with a proposed offer of credit;

(b) requiring advance consideration for the promise of future credit;

(c) attempting to arrange for a credit card or a line of credit in exchange for advance consideration; or

(d) engaging in other deceptive or unconscionable activities.

41.  The Defendants' conduct also violates the DTPA because it is unconscionable, deceptive and unfair. The Defendants have attempted to induce Plaintiff and others to obligate themselves to pay a disputed debt through the creation of a new obligation in the form of a revolving credit account.

42.  The Plaintiff and her class are entitled to judgment for actual and statutory damages for each violation of the Advance Fee Loan Act and the DTPA.

43.  The Plaintiff and her class are entitled to judgment for their reasonable attorneys fees and costs incurred herein.

## V. CLASS ACTION ALLEGATIONS

44. The Plaintiff hereby re-alleges and incorporates the foregoing paragraphs as if set forth herein, word for word.

45. The conduct and violations described herein against the Defendants were uniform and consistent. The putative class members have suffered damages as a result of these routine and common practices.

46. Based on good faith knowledge and belief, the claims raised by the Plaintiff are similar or identical to the claims of the putative class of consumers who have received dunning letters and/or credit card solicitations from the Defendants.

47. The Plaintiff was one of hundreds of consumers who had claims in the <u>Dickerson</u> case. In fact, the <u>Dickerson</u> case was certified as a class action because all of the elements of Rule 23 of the Arkansas Rules of Civil Procedure were established. Likewise, this case should also be certified as a class action because the requirements of Rule 23 of the Federal Rules of Civil Procedure are established.

48. The members of the putative class are so numerous that joinder of all persons is impracticable.

49. The questions of law or fact raised in this case are common to the class.

50. The Plaintiff's claims are typical of the claims of the putative class and these claims predominate over any alleged individual issues or defenses.

51. The Plaintiff is interested in the outcome of the case and is willing to cooperate with counsel to prosecute this case and to protect the rights of absent class members. The Plaintiff will fairly and adequately protect the interests of the putative class.

52. Plaintiff's counsel has served as class counsel in numerous cases and is adequate to serve as class counsel for the putative class in this case. Plaintiff's counsel will fairly and adequately protect the interests of the putative class.

53. A class action is appropriate here because it is superior to other available methods for the fair and efficient adjudication of this controversy and the claims of the putative class. The claims of the putative class are similar, if not identical, and are relatively small on an individual basis. The Defendants' conduct described herein is uniform and creates typical claims and similar questions of law or fact for all putative class members.

54. The Court should certify a class as defined below and appoint Plaintiff as class representative.

## VI. CLASS DEFINITIONS

**Class One:** All Arkansas residents who received dunning letters from Defendants concerning debts from transactions with First American Cash Advance.

**Class Two:** All Arkansas residents who received credit card solicitations from the Defendants which required the transfer of a consumer's debt in exchange for the issuance of the credit card.

## VII. JURY TRIAL DEMAND.

55. The Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff respectfully prays that she be granted the relief set forth herein, that this case be certified as a class action, that she be appointed class representative, that her counsel be appointed as class counsel to represent the class, that she be granted judgment against the Defendants for her actual, statutory, incidental and consequential damages, that she be

awarded judgment for her reasonable attorneys fees and costs incurred herein, and for any and all other just and proper relief to which she may be entitled.

>Respectfully Submitted,
>
>**BEVERLY BURNS, individually and o/b/o a class of similarly situated persons**
>
>By: _____
>DAN TURNER ARBIN 97179
>TODD TURNER, ARBIN 92266
>
>**ARNOLD, BATSON, TURNER & TURNER, P.A.**
>501 Crittenden Street
>P.O. Box 480
>Arkadelphia, AR 71923
>Phone: (870) 246-9844
>Fax:     (870) 246-9845
>e-mail: todd@ArnoldBatsonTurner.com

# JEFFERSON CAPITAL SYSTEMS, LLC

16 McLeland Road, St. Cloud, MN 56303

June 06, 2005 *Atten:* ~~*Pat*~~ *870-246-9845*

000654

BEVERLY BURNS
3442 E KIEHL AVE APT 4211
SHERWOOD AR 72120-3852

*Michel*

Payment address:
Jefferson Capital Systems, LLC
P.O. Box 23051
Columbus, GA 31902-3051

Description: First American Cash Advance
Account Number: 652A*765
Balance Due: $433.39
JCS Reference Number: 1019743209

| | |
|---|---|
| **Jefferson Capital is now handling your charged off account** | Dear Customer: Please allow this letter to introduce Jefferson Capital Systems, LLC, as servicer, owner, and current creditor of your account. All payments and account inquiries, therefore, should be directed to Jefferson Capital Systems, LLC. Do not forget to include your JCS Reference Number on all payments. If you contact us we may be able to find a solution to this debt. Please call 1-800-281-2793. |
| **Your account is seriously past due.** | Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, our office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that the debt, or any portion thereof, is disputed, our office will obtain verification of the debt or a copy of a judgment and mail a copy of such verification or judgment to you. At your written request within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if that is different from the current creditor. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. |
| **Contact us at 1-800-281-2793 to speak with our helpful account specialists.** | JEFFERSON CAPITAL SYSTEMS, LLC TOLL FREE 1-800-281-2793 Office Hours (Mon – Thur 7:00am-9pm, Fri 7am-5pm, Sat 7am-12pm, Central Time) **PRIVACY POLICY** Jefferson Capital Systems, LLC provides this notice to you as may be required by Federal Law. Jefferson Capital Systems, LLC collects nonpublic personal information about you from the following sources: Information we receive from you on applications or other forms; Information about your transactions with us, our affiliates, or others; and Information we receive from consumer reporting agencies. |

**EXHIBIT A**

We do not disclose any nonpublic personal information about our customers or former customers to anyone, except as permitted by law. We restrict access to nonpublic personal information about you to employees who need to know that information to provide services to you. We maintain physical, electronic, and procedural safeguards that comply with federal laws to guard your nonpublic information.

NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION

*You can contact Rick @ 1-877-266-3119 Ext. 5127*

JEFF02

**FOR CALIFORNIA RESIDENTS**
As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**FOR COLORADO RESIDENTS**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.AGO.STATE.CO.US/CAB.HTM.

**FOR MASSACHUSETTS RESIDENTS**
NOTICE OF IMPORTANT RIGHTS

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY NOTIFYING US IN WRITING.

**FOR MINNESOTA RESIDENTS**
This collection agency is licensed by the Minnesota Department of Commerce.

**FOR NEW YORK CITY RESIDENTS**
New York City Department of Consumer Affairs License Number: 1145210

**FOR NORTH CAROLINA RESIDENTS**
North Carolina Department of Insurance Permit Number: 3854

**FOR UTAH RESIDENTS**
As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

# ARNOLD, BATSON, TURNER & TURNER, P.A.
## ATTORNEYS AT LAW

501 Crittenden Street  
Post Office Box 480  
Arkadelphia, AR 71923

Tel: 870/246-9844  
Fax: 870/246-9845  
www.ArnoldBatsonTurner.com

June 15, 2005

Jefferson Capital Systems, LLC  
16 McLeland Road  
St. Cloud, MN 56303

    RE: Alleged debt to First American Cash Advance  
           Acct. No. 652A*765  
           Our client: Beverly Burns

Dear Sir or Madame:

Our firm represents Beverly Burns. We have a copy of a letter which you sent to Ms. Burns dated June 6, 2005. Please provide our firm with verification of the alleged debt referenced in your June 6, 2005 letter to Ms. Burns. Please also note that we represent Ms. Burns and that you should refrain from having any further contact with him concerning this disputed debt.

I look forward to receiving verification of this account.

Sincerely,

Todd Turner  
TT/amr

cc: Beverly Burns



EXHIBIT B

**JEFFERSON CAPITAL SYSTEMS, LLC**

16 McLeland Road St. Cloud, MN 56303

Read this Letter First!

Beverly Burns
3447 E Kiehl Ave Apt 4211
Sherwood, AR 72120-3852

You've been selected for the
Majestic Visa® Fresh Start Solution™

Re: Amount Due: $433.00
Debt Description: First American Cash Advance

Dear Beverly Burns:

Jefferson Capital Systems, LLC is pleased to provide you with an opportunity to satisfy this debt and enjoy the convenience and benefits of a new Visa card.

You've been selected for the Majestic Visa® Fresh Start Solution™.

Under this program, you'll have the opportunity to receive a no annual fee, unsecured Majestic Visa credit card account. To start the process, all you have to do is accept the enclosed offer.

When you accept the accompanying offer and are approved, the Amount Due shown above will be transferred to a new Majestic Visa account at a fixed 0% APR as the first transaction on the new account.

Please review the enclosed letter and the Condensed Bank Credit Card Agreement and Terms of Offer for detailed rate, fee and other information and for your Majestic Visa Acceptance Certificate.

Sincerely,

Jefferson Capital Systems, LLC

P.S. If you have any questions regarding this letter please contact us toll free at 1-888-210-9526. We can be reached Monday through Friday from 8:00 AM to 9:00 PM, Central Time.



EXHIBIT C

# YOU'RE **PRE-APPROVED*** FOR THE NEW **MAJESTIC® FRESH START SOLUTION™** AND **VISA®** CARD**.



Dear Beverly Burns:

Want to give yourself a chance at a new beginning? Want to enjoy all of the conveniences of a no annual fee Visa card**? If so, then you may find that the Majestic® Fresh Start Solution™ is the answer. This new program offers a great opportunity for customers like you, who are serviced by Jefferson Capital Systems, LLC, and are serious about improving their credit.

Now you can stop the collection calls on your old debt by transferring your First American Cash Advance debt of $433.00 to a new Majestic Visa account at a great 0% APR for the life of the transferred balance. Plus, your credit rating may improve. The credit bureaus will be notified that your debt, if still reportable, has been paid in full once you qualify for the Majestic Visa card.

## Here's How It Works:

| | |
|---|---|
| Transferred Balance (Lifetime 0% APR!) | $433.00 |
| Less: Your Suggested Payments Over 12 Months | $217.00 |
| Less: Special Debt Reduction Statement Credit*** | $22.00 |
| New Balance After Your Suggested Payments and Special Credit: | $194.00 |
| Pre-Approved* Majestic Visa Credit Limit: | $217.00 |
| Available Credit for Purchases and Cash Advances:**** | $23.00 |

## Start Working to Improve Your Credit!

Rebuild your credit standing with the Majestic® Fresh Start Solution™ and pre-approved unsecured Visa card. Soon you can enjoy all the convenience and benefits Visa has to offer. Call 1-888-210-9526 or return your Pre-Approved Visa Acceptance Certificate promptly.

Sincerely,

*Majestic Visa*††

* Subject to verification of your identity and the enclosed Terms of Offer. Please see the enclosed Condensed Bank Credit Card Agreement and Terms of Offer for detailed eligibility, rate, fee and other information.
** You will not receive a Majestic Visa card or be eligible for the special statement credit described above if (1) within 12 months of your account opening date, you are past due on any two payments at any time or (2) if you are unable to (a) pay a total of $217.00, (b) qualify to receive the statement credit and (c) reduce the outstanding balance on your account below your credit limit.
*** You must pay a total of $217.00 within twelve months of your account opening date, to qualify for the special statement credit.
**** Credit will become available when your initial transferred balance is less than your credit limit. You will not incur overlimit fees while your initial transferred balance is more than your credit limit. To make credit available faster, you can pay more than your required minimum monthly payment. While proper payments are posted immediately, we reserve the right to release credit only once payment has been verified. To speed the payment process, we make a convenient pay-by-phone service available to our customers. A small fee is charged when you use this optional payment method.
† See the reverse side of your Jefferson Capital Systems letter for important information from Jefferson Capital Systems, LLC regarding your right to dispute your debt.
†† The Majestic Visa Card is issued by Columbus Bank & Trust Company and serviced primarily by CompuCredit Corporation on behalf of Columbus Bank & Trust Company.

---

**Majestic Visa Pre-Approved* Acceptance Certificate**

| Please complete and return before: | August 12, 2005 | ☑ **Yes**, I request a Majestic Visa account and authorize the transfer of the balance from |
|---|---|---|
| Home Phone | Email Address | |